UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 04 C 6920 |
| ) | |
| SHERIFF OF COOK COUNTY, ) | Judge John W. Darrah |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Willie Pope, brought a single-count action against the Sheriff of Cook County, pursuant to 42 U.S.C. § 1983, alleging that he was beaten by several correctional officers at the Cook County Jail as a result of a policy of the Sheriff not to discipline officers who mistreat jail inmates. Presently before the Court is Defendant's Motion for Summary Judgment. In the Plaintiff's Response to the Defendant's motion, the Plaintiff conceded that he is unable to establish that the alleged beating was the result of an official policy, as required to establish a claim under Section 1983. The Plaintiff sought to withdraw the Complaint and re-file an Amended Complaint with a new claim. Thus, Plaintiff's Motion for Leave to File an Amended Complaint is also currently before the Court.

## BACKGROUND

On November 5, 2002, Plaintiff was an inmate in the Cook County Jail. (Def's 56.1 at ¶ 1). On that night, Plaintiff was in a cell near a waiting room, when nine men came and grabbed Plaintiff and handcuffed him and took him out of the room. (Id. at ¶¶ 2-3). Plaintiff testified the

1

men were all wearing blue uniforms and white gloves. (Id. at ¶ 4). Plaintiff testified that he was beaten and later was put back in the same room. (Id. at ¶ 5).

The Plaintiff testified that he does not know anything about the Sheriff of Cook County's policy about disciplining officers who mistreat inmates at the Cook County Jail and that he does not know of any evidence of the Sheriff of Cook County's policy regarding the discipline of officers who mistreat inmates. (Def's 56.1 at ¶¶ 9-10). Plaintiff testified he does not know of any other incident where an officer mistreated a jail inmate but did not receive discipline. (Id. at ¶ 11). Plaintiff does not know anything about the Sheriff's policies. (Id. at ¶ 12). Plaintiff does not know of any incidents of another inmate who had been mistreated by Sheriff's officers who were not disciplined, to support his policy claim. (Id. at ¶ 13). Plaintiff does not have any, and does not know of any, evidence that the Sheriff has a policy not to discipline officers who mistreat detainees. (Id at ¶ 14).

## ANALYSIS

### *Motion for Leave to File an Amended Complaint*

In Plaintiff's response to the Defendant's Motion for Summary Judgment, the Plaintiff seeks to file an Amended Complaint, alleging new theories of liability. This new claim alleges an unconstitutional policy relating to medical intake procedures at the Cook County Jail, arising out of the same two-day period of incarceration that was the subject of the pending Complaint, which Plaintiff filed on October 28, 2004.

"While a complaint may be amended to add a new legal theory under Fed.R.Civ.P. 15(a), [Plaintiff] never sought such an amendment. His attempt to amend by briefs in opposition to summary judgment . . . is both untimely and improper. It is improper for a plaintiff to attempt to

file an amended complaint in his brief in opposition to a motion for summary judgment." *Pritchard v. Rainfair, Inc.*, 945 F.2d 185, 191 (7th Cir. 1991) (questioned on other grounds). Thus, Plaintiff's request to withdraw and amend his Complaint in response to Defendant's Motion for Summary Judgment is denied; and the Court will proceed to rule on the merits of the Motion for Summary Judgment.

## *Motion for Summary Judgment*

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Governmental employees cannot be held liable in their official capacities in a

Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York*, 98 S.Ct. 2018, 2036 (1977). The *Monell* Court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id.* at 2037.

Courts have identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law"; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted).

Here, the Plaintiff does not have any, and does not know of any, evidence that the Cook County Jail or the Sheriff had a policy, a widespread practice, or that the constitutional injury was caused by a person with policymaking authority relating to his claim that he was beaten by correctional officers. Thus, when viewing the facts in the light most favorable to the Plaintiff, and reinforced by Plaintiff's concession that he had no such evidence, no rational jury could return a verdict in the non-moving party's favor. Therefore, the Defendant, Sheriff of Cook County, is entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

Dated: _April 5, 2006_

JOHN W. DARRAH
United States District Court Judge

5